Bernard S. Meyer, J.
Plaintiff husband in this action seeks an annulment on the ground of fraud. The fraud alleged is in the misrepresentation of defendant wife’s age as 15 at the time of the marriage, it being conceded that she was then pregnant and that plaintiff had had intercourse with her. Defendant was a resident of North Carolina and plaintiff, then in service, was stationed near her home city. Under section 1A-26 of the North Carolina General Statutes, the age of consent is 16, and under *997 section 51-2 a marriage license cannot be obtained for a female under the age of 16 unless she is pregnant.
The parties were married on January 4, 1955. Thereafter on March 20, 1955, defendant gave birth to a son. Plaintiff was discharged in January, 1956, and the parties lived at defendant’s mother’s home until June of 1956 when they had an argument during the course of which, plaintiff alleges, defendant told him her true age and stated that the child was not his. He then left and they have not since cohabited.
The complaint alleges that there are no issue of the marriage. The answer controverts that allegation. The special guardian appointed to protect the infant’s rights objects to the jurisdiction of the court over his ward. The objection is well taken. Neither this decision nor any judgment of this court can affect the rights of the infant or determine his status, he not being within the jurisdiction. The judgment will, therefore, specifically except the rights of the infant (see Civ. Prac. Act, § 1135). Lack of jurisdiction over the child does not, however, oust the court’s jurisdiction over the subject matter (plaintiff having resided in New York continuously for more than one year prior to the institution of these proceedings) or of the parties (defendant having appeared). And since defendant has in her answer alleged that there is issue of the marriage, this court must, for the limited purpose of ruling on defendant’s right to support for such issue (see Civ. Prac. Act, § 1140), determine the question of parentage.
The documentary evidence showed that defendant was born June 16,1938, that the parties were married on January 4, 1955, and that the marriage license stated defendant’s age to be 15. Plaintiff says he was on the day of the marriage shown a birth certificate by defendant’s mother which confirmed that defendant was 15, was threatened by defendant’s mother with prosecution for carnal knowledge, and then consulted his commanding officer and the base legal officer. In view of the representations made and the fact that conviction would result in a dishonorable discharge, plaintiff then proceeded with defendant, her mother and several others to Newbern, North Carolina, where, after defendant’s mother exhibited to the license clerk a doctor’s certificate stating that defendant was pregnant and stating her age at 15, a license was issued and the marriage performed. Defendant’s mother denies, as does defendant, that any threat was made. The mother admits, however, that she had previously sought a warrant for plaintiff’s arrest, and that on the day of the marriage she came to the base prepared with the doctor’s certificate. She does not deny that the doctor’s certificate and *998 the marriage certificate stated defendant’s age as 15, and testified that she, the mother, had not been well at the time, and thought defendant’s age was 15. She admits that she had with her that day also a certificate of defendant’s birth because plaintiff had asked to see it. The court does not credit the testimony of defendant’s witnesses and finds that on January 4, 1955 in the presence of defendant and with her knowledge and acquiescence, defendant’s mother represented to plaintiff that defendant was 15 years of age and threatened him with prosecution under the criminal statutes of the State of North Carolina for carnal knowledge, that plaintiff believed those representations and but for them would not have married defendant. That the words were said by defendant’s mother rather than defendant herself does not make them any the less representations of defendant, since they were made in her presence and she acquiesced in them. Plaintiff is, therefore, entitled to judgment of annulment.
With respect to parentage of the child, the court finds that the blood tests performed were performed with blood of plaintiff, defendant and the infant, that the doctor who performed the tests conducted them in accordance with accepted medical practice, and that those tests absolutely exclude plaintiff as the father of the child. It, therefore, finds, for the limited purpose of ruling on the question of support, that the child is not the child of plaintiff and, denies the request for an order of support.
The above constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment, fixing the fee of the special guardian appointed for defendant and who, by reason of her majority, was discharged prior to trial, at $100, and of the special guardian appointed for the infant at $250, both to be paid by plaintiff.